IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: Brittany Lewis, | ) | 17 B 16300 |
|  | ) |  |
|  | ) |  |
|  | ) Judge LaShonda A. Hunt |  |
| Debtor, | ) |  |
|  | ) |  |

*Notice of Filing / Certificate of Service*

Brittany Lewis
7250 S. South Shore Dr, Apt 203
Chicago, IL 60649
*Via U.S. Mail, postage prepaid*

U.S. Trustee
Patrick S. Laynd
*Via Electronic Service*
Marilyn O. Marshall
Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan, Suite 800
Chicago, IL 60604
*Via Electronic Service*
David P. Holtkamp
City of Chicago, Department of Law
121 N Lasalle, Ste 400
Chicago, IL 60602
*Via Electronic Service*
Charles A. King
City of Chicago, Department of Law
121 N Lasalle, Ste 400
Chicago, IL 60602
*Via Electronic Service*

I certify under penalty of perjury that I served a copy of this Notice of Filing and Response to City Response to Debtor's Motion for Sanctions to the persons named above by ECF service as indicated or by first class US mail, postage prepaid, on September 26, 2017

/s/ Michael Spangler
Associate Attorney
The Semrad Law Firm, LLC

The Semrad Law Firm
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: Brittany Lewis, | ) | 17 B 16300 |
|  | ) |  |
|  | ) |  |
|  | ) | Judge LaShonda A. Hunt |
| Debtor, | ) |  |
|  | ) |  |

### *REPLY TO CITY OF CHICAGO'S RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS PURUANT TO 11.US.C. §362(K)*

COMES NOW, Michael Spangler, Counsel for Debtor, and in reply to City of Chicago's Response to Debtor's Motion for Sanctions (Docket No. 31), states as follows:

### INTRODUCTION

The City's response to Debtor's motion for sanctions contains five sections: 1. Punitive damages cannot be awarded against the City of Chicago under 11 U.S. C. §106(a). 2. Value of Debtor's car is established by her schedules. 3. Debtor cannot get speculative future damages. 4. Debtor's failure to mitigate precludes an award of attorney's fees. 5. Any award to the Debtor must be set off against the City's allowed claim. Debtor response concedes to the City's position in respect to punitive damages, argues that the actual damages challenged in sections two and three are in fact reasonable and can be proven with "reasonable certainty," challenges the City's contention that the Debtor failed to mitigate, and concedes in part to the City's offset argument.

### FACTUAL BACKGROUND

On May 25, 2017, the City impounded the Debtor's car because of unpaid parking tickets. On May 26, 2017, the Debtor filed a petition for relief pursuant to Chapter 13 Title 11

U.S.C. Under *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill. 2017) the City would not release the car to the Debtor upon the filing of the petition. Following the ruling from *In re Avila* the City will only release impounded cars to debtors in two circumstances: (1) when the plan is confirmed with the City's secured claim treated in the plan to be paid in full or (2) immediately when the City is provided an one-time adequate protection amount with the remainder provided as a secured claim to be paid in full through the proposed plan.

On May 26, 2017, the City of Chicago filed their proof of claim for the parking tickets and possessory lien. On May 26, 2017, June 13, 2017, June 27, 2017 and July 20, 2017 Debtor's counsel filed plans for the Debtor and all plans on record indicated the Debtor's intention of keeping her vehicle, a 2007 Dodge Caliber, and paying the City's claim in full. The City and the Debtor agreed to terms on June 27, 2017 for the release of the car contingent upon payment of $1,000.00 adequate protection payment by the Debtor to the City.

On June 30, 2017, the City reached out to Debtor's counsel and indicated Debtor had not come to make the payment and pick up car. Several attempts to confirm the payment date with Debtor were made by counsel's office but Debtor never provided a date they would make it in. It was not until July 20, 2017 that Debtor indicated they could not pay the $1,000.00 adequate protection payment, and at that time the plan was modified to pay for the City's entire claim in full. At no point was the plan ever modified to surrender the Debtor's interest in the vehicle.

On July 24, 2017, the Chapter 13 plan was confirmed, subsequently it was related to our office that the Debtor had discovered that her vehicle had been destroyed by the City of Chicago. Further calls to the City by counsel's office confirmed the vehicle had been destroyed by the City of Chicago on July 14, 2017. Debtor's counsel filed a motion for sanctions on August 7, 2017 because the destruction of Debtor's vehicle was in clear violation of the automatic stay. Shortly

after the motion was filed, both parties engaged in settlement discussion, but both sides could not reach an agreement after a few weeks of negotiations.

## ARGUMENT

1. **Punitive damages cannot be awarded against the City**

   The Debtor concedes that the provision under 11 U.S.C. § 106(a)(3) indeed is clear that the federal government and other governmental units are not subject to punitive damage awards under Section 362 of the bankruptcy code.  The City of Chicago does qualify as a "government unit" as defined under 11 U.S.C. § 101(27) and therefore is precluded from punitive damages.  There is no subsequent case law or revised statue that contradicts the current language, therefore, the Debtor concedes to the City's position on punitive damages.

2. **The Value of the and Reasonable Certainty of Debtor's Actual and Compensatory Damages**

   The City contends that the value of the actual and compensatory damages that can be awarded to the Debtor is limited to the value of the Debtor's vehicle, which is currently listed at $2,350.00 on Debtor's filed schedules.  However, there are other factors to consider beyond the market value of Debtor's vehicle.  When the City destroyed the Debtor's vehicle, they did more than just destroy Debtor's personal property and property of the bankruptcy estate, they destroyed the primary mode of transportation for a single mother and her family and put the entirety of her bankruptcy plan at risk.  In addition to the market value of the car, the Debtor has suffered actual damages of increased transportation costs that directly relate from losing her personal vehicle.  Debtor has missed time at work and subsequently lost wages.  Debtor will also

have to take on the additional expense of financing a new vehicle or paying a lump sum for a used vehicle. These factors have put the Debtor's monthly budget and plan payments under immense strain.

The Debtor must first establish that they have "suffered actual injury as result of the Creditors' violation of the automatic stay and need to relate that injury to the damages sought." *In re Sumpter,* 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994). The Debtor must also establish that once they have been damaged that they must show the amount of damages with reasonable certainty. *In re Sumpter,* 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994). Based on this three-pronged test, the Debtor has suffered actual damages that exceed the market value of the destroyed vehicle.

The Debtor's only vehicle was destroyed by the City and has been deprived of her main source of transportation. Debtor is a single mother with three small children who works in downtown Chicago, while living on the South Side of Chicago. Debtor is currently incurring increased transportation costs for her and her children while she lacks a car, and those injuries/expenses are directly related to the City's destruction of her vehicle. Debtor is also an hourly wage employee, and any time that Debtor misses work due to her transportation issues directly results in less income in her pay.

Debtor has been without a vehicle since May 25th, 2017. Debtor had intended and planned on getting her car back when she filed her bankruptcy petition, but the City's destruction of her vehicle has placed more stress on her daily commute and monthly budget. Debtor will now have to purchase or finance a new primary vehicle for her household and her daily commute in the near future, and the costs associated with that are not based on "mere speculation guess or conjecture," *In re Sumpter,* 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994). Debtor needs a reliable

form of transportation for her and her family and for the City to claim that this type of damage is one that might never occur is absurd.

Therefore, the actual and compensatory damages awarded to the Debtor should not be limited to the scheduled value of the vehicle, but should be extended to include the Debtor's lost wages, increased transportation costs, and costs associated with purchasing/financing a new vehicle.

**3.      Debtor did not fail to mitigate**

The City contends that Debtor could have obtained everything to which the Debtor was entitled to without further litigation. The fact that a settlement has not been reached to this point in this matter suggests that the parties are far apart in the valuation of the damages, not that the Debtor has failed to mitigate. The City cites *In re Yantis*, 553 B.R. 351 (Bankr. N.D. Ind. 2016) as basis for its argument that the Debtor could have avoided litigation and unnecessary fees.

However, the facts in *In re Yantis* differ greatly from the facts in this proceeding. The debtor in *In re Yantis* suffered a garnishment relating to a judgment in state court and the creditor immediately returned the funds back to debtor once they knew the case was on file and attempted to cease all collection efforts. *Id.* at 353. Both parties in *In re Yantis* failed to communicate and resolve a simple garnishment order and the resulting litigation was correctly deemed improper by the court. *Id.* at 354. The facts in our case differ immensely from *In Re Yantis* because the City had knowledge of the bankruptcy when they willfully destroyed the Debtor's vehicle and this was not a simple garnishment order that needed to be rescinded, it was destruction of property that could not easily be returned as ill gained funds from a paycheck. *Id.* at 353.

The City also cites *In re Rosner*, 317 B.R. 830 (Bankr. D. Idaho 2004) as basis for Debtor's inability to mitigate. However, the facts in *Risner* do not match with the facts in this

case. The creditor in *Risner* sent out collection notices to the debtor after receiving notice of the bankruptcy petition and a sanctions motions were filed by the debtor without any prior communication to the creditor. *Id.* at 834. The facts in our case differ immensely from *Risner*. Our case does not deal with a simple misunderstanding, or a mistakenly sent bill statement. It concerns the willful and knowing destruction of property belonging to the bankruptcy estate. A simple phone call to the City would not bring back the Debtor's car when it was already destroyed.

The City admits in their own response that there were several issues that could not have been resolved absent litigation. The fact that a settlement has not been reached to this point speaks to the wide gulf in how both sides value the damages suffered by the Debtor. The City's claim that the Debtor failed to mitigate damages is meritless and reasonable attorney fees should be awarded. If the court requires justification and information regarding attorney's fees the Debtor shall gladly provide any information required.

**4.        Any award to the Debtor must first be set off against the City's allowed claim.**

The Debtor does not dispute the City's contention that any awards pursuant to §362(k) must first be set off against the City's allowed claim pursuant to 11 U.S.C. § 106(c) because there is no subsequent statute or case law that contradicts the plain meaning of the statute. The Debtor does disagree with the value of the damages stated by the City to be offset against the City's claim of $5,461.40, and believes that actual and compensatory damages are in the amount of $5,700 with attorney's fees of $750.00.

The Debtor does not dispute the City's claim that attorney's fees belong to the Debtor.

**CONCLUSION**

For the foregoing reasons, the Debtor is entitled to actual and compensatory damages in the amount of $5,700.00 and attorneys fees in the amount of $750.00. The award is based on the market value of her vehicle at the time of the filing of the petition along with the associated costs of increased transportation costs, lost wages at her job, and the costs associating with financing/purchasing a new car.

The City of Chicago has already admitted fault for wrongly destroying the vehicle in question. The City of Chicago after the *Avila* decision has taken the responsibility for holding onto impounded vehicles to claim secured possessory liens for parking tickets. As long as the *Avila* is in effect, the City of Chicago must be held accountable for the destruction of any impounded vehicle that is property of the estate, just like any other creditor.

The Court should enter an order (a) That the City of Chicago be ordered to pay the Debtor $5700.00 in compensation for vehicle; (b) That the City of Chicago be ordered to pay $750.00 in attorney's fees; (c) directing the award to be first set off against the City's claim; (d) for any and all relief this Court deems just and fair.

Dated:  September 26, 2017				Respectfully submitted,
							/s/ Michael Spangler
							Michael Spangler Esq.

The Semrad Law Firm, LLC
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 256.8704