**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**BRITTANY LEWIS**,<br><br>DEBTOR. | CHAPTER 13<br><br>CASE NO. 17-BK-16300<br><br>HON. LASHONDA A. HUNT<br><br>HEARING DATE: OCTOBER 2, 2017<br>HEARING TIME: 10:00 A.M. |

**CITY OF CHICAGO'S SUR-REPLY TO DEBTOR'S
MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(k)**

 The Debtor, in her Motion, alleged that she was entitled to certain specific categories of damages for the City's violation of the automatic stay. In its response to the Motion, the City addressed each category of damages that the Debtor sought and explained why the Debtor is not entitled to those damages, beyond the scheduled value of her car. In her Reply to City of Chicago's Response to Debtor's Motion for Sanctions Puruant [sic] to 11.US.C. [sic] §362(K) [Docket 34] ("Reply"), the Debtor for the first time asserts additional categories of damages, not mentioned in her Motion. For the reasons set forth below, the Debtor is not entitled to the additional damages she now attempts to claim.

## **ARGUMENT**

 The Debtor now asserts that she has suffered damages from being "deprived of her main source of transportation," Reply at 4, and that, beyond the scheduled value of her vehicle, she should be awarded "lost wages, increased transportation costs, and costs associated with purchasing/financing a new vehicle." Reply at 5. However, to the extent the Debtor has suffered due to

not having possession of her car, that is not due to the City's stay violation. The Debtor cites *In re Sumpter*, 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994), for the elements that she needs to establish to obtain damages, but her claim for these new additional damages fails one of the prongs of that test: she cannot "relate that injury to the damages sought." *Id.*

The reason the Debtor does not have a car, it must be remembered, is that it was impounded by the City before she filed her case. It was impounded because the Debtor ran up a number of unpaid parking tickets, for which the Debtor bears responsibility. The Debtor lost possession of her car due to her own actions. For the purposes of the Motion, however, what is most important is that the Debtor had no right, at any point in her case, to possession of her car.

On July 24. 2017, the Court confirmed the Debtor's Chapter 13 plan. See Docket 23 (confirmation order); Docket 18 (Debtor's plan). Paragraph B(3) of the Debtor's confirmed plan provides:

> The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C of in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

By ordinance, the City has a statutory possessory lien on the Debtor's car. *See In re Avila*, 566 B.R. 558, 560 (Bankr. N.D. Ill. 2017). Under this term of the debtor's confirmed plan, the City retained its lien until discharge (or full payment of the underlying debt). In other words, the City retained possession of the Debtor's vehicle until one of those conditions is met. The Debtor's plan had to include this term, because under 11 U.S.C. § 1325(a)(5)(B), absent agreement or surrender of collateral, this treatment is mandated in order for a Chapter 13 plan to be confirmed. A Chapter 13 debtor cannot cram down a plan that requires a lienholder to give up its lien prior to either dis-

—2—

charge or full payment of the underlying debt. Section 1325(a)(5)(B) and the plan provide that a secured creditor "retain *the lien*" (emphasis added) securing the debt.

So the Debtor's lack of a car, and any additional expenses or hardships she may suffer on that account, are due to (a) her own actions resulting in impoundment of her car, and (b) the terms of her own plan, which were mandated by § 1325(a)(5) of the Bankruptcy Code. Even absent the City's mistake in disposing of her car, she would have no right to possession of it unless and until she either paid the full underlying debt or received a discharge (two conditions which are far from certain and statistically unlikely, meaning any damages would be based on speculation and conjecture, and would thus not be compensable; *Sumpter*, 171 B.R. at 844).

Notwithstanding its right to retain possession of the Debtor's car until either full payment or discharge, the City often returns cars to debtors before those conditions are met, as the parties had intended in this case. However, this is a *purely voluntary* program on the part of the City, and the City cannot be assessed damages for its failure to do something it was not required to do in the first place. To hold otherwise would be to punish the City for its willingness to work with debtors, and would merely provide an incentive not to release cars to debtors at all.

## **CONCLUSION**

For the foregoing reasons, the Debtor is not entitled to the additional categories of damages she now claims in her Reply. The Court should therefore enter an order (a) awarding the Debtor $2,350.00 in compensation for her car; (b) directing that the award be set off against the City's claim; and (c) denying all other relief requested by the Debtor.

—3—

Dated: October 2, 2017                    Respectfully Submitted,

                                          **The City of Chicago**

                                          Edward N. Siskel
                                          Corporation Counsel

                                          By:    /s/ Charles A. King
                                                 Assistant Corporation Counsel


Edward N. Siskel
Corporation Counsel
David Paul Holtkamp
Senior Counsel
Charles A. King (6216362)
Assistant Corporation Counsel
**City of Chicago,**
**Department of Law**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:    (312) 742-0019
E-mail: chuck.king@cityofchicago.org

## CERTIFICATE OF SERVICE

      I, Charles A. King, an attorney, hereby certify that on October 2, 2017, I caused a copy of the attached City of Chicago's Sur-reply to Debtor's Motion for Sanctions Pursuant to § 362(k) to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

                          /s/ Charles A. King

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Michael Spangler | mspangler@semradlaw.com |
| Marilyn O. Marshall | courtdocs@chi13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |